JULIO MELÉNDEZ LIMA, Appellant, v. REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1084. Submitted March 17, 1941.—Decided March 21, 1941.

R. *Meléndez Lima* and R. *Calderón Rodríguez*, for appellant. The respondent registrar appeared by brief.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The Marshal of the Municipal Court of Caguas executed a deed of judicial sale in favor of the appellant, Julio Meléndez Lima, by virtue of an order for execution of judgment rendered by said court in the Civil Case No. 1101, followed by the appellant against the defendants therein, Juana Arzuaga Millán, known as Juana Arzuaga Ramos, as mother with *patria potestas* over her minor children Miguel, Ena and Marina Ramos Arzuaga, for the collection of the sum of $60, amount of a loan made by the plaintiff to the mother for the support of the minors, and which amount she bound herself to pay on March 30, 1940, from the rents of said minors. For the execution of the judgment rendered in default of the defendants, the marshal adjudicated at public auction to the only bidder who appeared—the plaintiff, appellant herein—three tenancies in common belonging to the three minors aforementioned, of one-eighth undivided part of an urban property, lot and house, situated in Caguas.

The Registrar of Property of Caguas refused to record said deed when the same was presented to him, for the reasons which he set forth in a ruling which states as follows:

"The record of this document is hereby refused and in its stead cautionary notice for 120 days is taken in favor of the purchaser, Julio Meléndez Lima, at folio number 220 of volume 200 of Caguas, property number 2738 triplicate, notice 'D', due to the fact that the mother with *patria potestas* over her minor children Miguel, Ena and Marina Ramos Arzuaga, is not authorized by the corresponding district court to make loans in representation of and for her minor children aforementioned; and furthermore, because even assuming that she was authorized so to do, such amount taken as loan from

the plaintiff, Julio Meléndez Lima, was guaranteed according to the deed which is the object of this ruling, with the produce of the rents of the property of her minor children and not with the property of the latter, and, furthermore, because municipal courts lack jurisdiction over the subject matter involved in this case.''

The appellant requests the reversal of said ruling in this appeal, alleging the following: that if a voluntary sale of the property of the minors were involved, the authorization of the corresponding district court would be an indispensable requisite, but that, as we are concerned with a forced sale, that is, of property attached in proceedings followed before a municipal court, the previous authorization of the district court is not necessary; that the Municipal Court of Caguas had jurisdiction over the case for the collection of money; that a mother with *patria potestas* is authorized by law to make loans to be paid from the rents that may be derived from the property belonging to her minor children, for the support of the latter, up to the amount of $500, since, as in that case, what is actually encumbered is the rents, which constitute personal property, and finally, that the creditor may request and obtain that any class of property corressponding to the minor children be attached in the amount that may be necessary without having to garnish the rents to be received, whose collection may be doubtful. Appellant cites to uphold his contention, the cases of *Flores* v. *The Registrar*, 19 P.R.R. 967; *García* v. *The Registrar of Guayama*, 23 P.R.R. 394.

██ According to the deed executed by the marshal, it was specifically alleged in the complaint before the Municipal Court of Caguas, that the loan for the amount of $60 which the appellant made to the mother of the minors was guaranteed with the rents of the latter, which was the only thing which the mother could encumber according to Section 156 of the Civil Code (1930 ed.) which provides that the exercise of the *patria potestas* does not authorize the father or

the mother to alienate or lay any encumbrance upon real property of any class whatever or upon personal property, the value of which exceeds $500, pertaining to the child, without the previous authorization of the district court. The suit to recover the $60 thus guaranteed was correctly filed in the municipal court which was the one which had jurisdiction due to the amount involved. The defendants did not appear and judgment in default was entered against them and it was upon ordering the execution of said judgment that the court provided the following:

> "Therefore, you, the marshal aforesaid, are hereby ordered to compel the payment of the amounts owed on said judgment, with interest as aforesaid, and the costs already spent or which may be spent as per the aforesaid judgment, from *the personal property* of said debtors, and if there is not enough personal property then from *the real property* located in your district and belonging to said debtors at the time when said judgment was registered in said municipal court, . . ." (Italics supplied.)

By virtue of this order, the marshal attached the urban property to which we have already referred, and it does not appear that he took any step whatsoever to garnish previously the rents which corresponded to the minors, since his certificate states as follows:

> "*I Certify:* that I have received the present order of execution on July 13, 1940, and that I have fulfilled the same on July 13, 1940, by attaching the following real property, to wit: three tenancies in common of one-eighth undivided part each belonging to the defendants Miguel, Ena and Marina Ramos Arzuaga, in the property which is described as follows: *Urban:* (the property is described)."

The value of the three tenancies in common which the minors had in the house and lot does not appear from the record. Their defenseless state during all the proceedings is evident, since their mother allowed a judgment in default to be noted and registered against them. Thus, we see that for the payment of a small sum of $60 which was guaranteed

with the rents which said minors receive, they have been deprived of their tenancies in common on a real property whose value we do not know.

Previous to this, an attempt had been made to alienate the tenancies in common belonging to this same minors over the same property, in a manner not authorized by law, when a deed for this purpose was executed without the judicial authorization and the corresponding public auction, and this court affirmed the ruling of the Registrar of Property of Caguas refusing to make the record. See the case of *Aponte* v. *Registrar,* 56 P.R.R. 801, decided on May 23, 1940. A few days later, on June 13, an action for the collection of the $60 was filed in the Municipal Court of Caguas and the judgment rendered on the same was executed through the sale of the same tenancies in common which did not guarantee the debt. They should have resorted to the district court due to reasons of utility and necessity duly proven, in order to obtain permission to encumber them and in that way it would have been possible to include them in the proceedings for the execution of the judgment.

In the case of *García* v. *The Registrar of Guayama,* cited by the appellant, the facts of the *Flores* case, also cited by the appellant, are stated, and the scope of what was decided in it is fixed in the following manner:

"The case of *Flores* v. *The Registrar of Property of Guayama, supra,* cited by the appellant, is a case of the sale of realty belonging to minors in execution of a judgment rendered against the said minors. The registrar refused to record the deed of sale on the ground that as the property was recorded in the name of the minors 'only the mother, after due authorization by the district court, is empowered to sell the aforesaid property.' In that case this court laid down the following doctrine:

" 'The sale of property belonging to minors made by a marshal at public auction in compliance with a writ of execution of a judgment rendered against the said minors is valid and therefore recordable in the registry.' (Syllabus.)

"While it is true that the *Flores* case was a case of a judgment rendered by a municipal court, it is also true that the refusal of the registrar to record the deed was not based on that particular fact, nor was it considered by this court in the opinion on which it based its decision of the appeal.

"We have considered anew the facts in the *Flores* case for the purpose of determining the scope of the jurisprudence it establishes, *and in order that it may not be given such an extensive construction as to prejudice the interests of minors* and defeat the legislative intent, we will state clearly that the said jurisprudence *refers to cases in which a court of competent jurisdiction over the subject-matter renders judgment against minor defendants.*

"As we have said, the case of García Rivera now under consideration involves the ratification of a sale of realty said to have been made before his death by the father of the minor defendant. Consequently, the lack of jurisdiction on the part of the municipal court is manifest. The district courts have jurisdiction in such cases inasmuch as the Legislature decided that one of their duties should be the supervision of the persons and property of minors." (Italics supplied.)

The case of *García* v. *Registrar, supra,* has been ratified in those of *Agüeros* v. *Registrar of San Juan,* 28 P.R.R. 250; *Miranda* v. *Registrar of San Juan,* 28 P.R.R. 365; *Colón* v. *Registrar,* 38 P.R.R. 586; *Pujals* v. *District Court,* 40 P.R.R. 87 and *Escobar* v. *Registrar,* 55 P.R.R. 187.

If we were to change the scope of the above mentioned decisions, we would establish a precedent which would serve as basis to deprive and even to defraud minor children of their real property, in express violation of the provisions of Section 159 of the Civil Code, *supra.*

The mother of the minors in the instant case did what the law permitted her to do; to make a loan of $60 for her children and encumber the rents of the latter to guarantee its payment. The Municipal Court of Caguas had, as we have already stated, jurisdiction to decide the case, but the execution of the judgment should have been limited to the personal property which guaranteed the loan, that is, the rents of said minors or any other personal property belonging to

them, without affecting their real property, since the latter did not guarantee the debt, as the mother had no authority to encumber real property without the previous authorization of the district court.

The ruling appealed from must be affirmed.